603 A.2d 38

IN THE MATTER OF JOHN L. DOWNER, JR., AN ATTORNEY AT LAW.

March 19, 1992.

## ORDER

The Disciplinary Review Board having reported to the Court, recommending that JOHN L. DOWNER, JR., of SUMMIT, who was admitted to the bar of this State in 1985, be publicly reprimanded for having (1) committed an act that reflected adversely on his honesty, in violation of *RPC* 8.4(b) and (c); (2) displayed a pattern of neglect, in violation of *RPC* 1.1(b); (3) displayed gross negligence in violation of *RPC* 1.1(a); (4) improperly withdrawn from representation in a matter, in violation of *RPC* 1.16(d); (5) misrepresented to a court clerk his reasons for not appearing in court in a matter, in violation of *RPC* 4.1(a)(1) and *RPC* 8.4(d); (6) failed to deliver promptly to a third party a client's property, in violation of *RPC* 1.15(b); (7) failed to cooperate with the ethics committee, in violation of *RPC* 8.1(b); (8) failed to maintain a *bona fide* office, in violation of *Rule* 1:21–1(a) and *RPC* 5.5(a); and (9) failed to comply with the Court's recordkeeping rules, in violation of *Rule* 1:21–6 and *RPC* 1.15(d);

And the Disciplinary Review Board having further recommended that respondent be required to practice under the supervision of a proctor for a period of three years and to submit to periodic drug and alcohol testing;

And good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted, and JOHN L. DOWNER, JR., is publicly reprimanded; and it is further

ORDERED that as a condition on his ability to practice law, within thirty days of the filing of this Order, respondent shall submit to the Office of Attorney Ethics proof of his enrollment in a substance-abuse treatment program and, on completion of the program, proof of his rehabilitation; and it is further

ORDERED that respondent shall provide the Office of Attorney Ethics with periodic reports of urine testing for drugs and alcohol on a reasonable schedule to be established by the Office of Attorney Ethics; and it is further

ORDERED that respondent shall not practice law as a sole practitioner, and that respondent's practice shall be under the supervision of a proctor satisfactory to the Office of Attorney Ethics for a period of three years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent shall reimburse the Ethics Financial Committee for appropriate administrative costs incurred in the prosecution of this matter.